**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1995**

---

ANTONIO SMITH,

Plaintiff - Appellant,

v.

CARLOS DEL TORO, Secretary, United States Department of the Navy,

Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:21-cv-01406-MSN-IDD)

---

Submitted:  February 29, 2024                    Decided:  April 11, 2024

---

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Ellen K. Renaud, ALAN LESCHT & ASSOCIATES, P.C., Washington, D.C., for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Yuri S. Fuchs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Smith appeals the district court's order granting summary judgment in favor of the Secretary of the United States Department of the Navy ("Navy"), Smith's employer, on Smith's complaint alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. Smith, an African American male, alleged that he was not selected for an available, higher-level position within the Navy on the basis of racial discrimination and in retaliation for his previous protected activity. He argues on appeal that a reasonable jury could conclude that he was not selected for the position on the basis of his race and protected activity. We affirm.

We review "a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011). "If the record, so viewed, gives rise to genuine factual disputes . . . , then those questions must be resolved by a jury, not on summary judgment." *Dean v. Jones*, 984 F.3d 295, 301-02 (4th Cir. 2021).

To defeat summary judgment, then, a plaintiff must present sufficient evidence to allow reasonable jurors to find that he has proven his claims by a preponderance of the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49, 252 (1986). To

accomplish this task, the plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, to avoid summary judgment, a plaintiff "must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Smith proceeds under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Walton v. Harker*, 33 F.4th 165, 171 (4th Cir. 2022); *Guessous v. Fairview Prop. Invs.*, 828 F.3d 208, 216 (4th Cir. 2016). Under this framework, (1) "the plaintiff must first establish a prima facie case of employment discrimination or retaliation"; (2) "the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action"; and (3) "the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory or retaliatory." *Guessous*, 828 F.3d at 216. Even under this burden-shifting framework, however, the plaintiff retains the ultimate burden of persuading the court that he has been the victim of discrimination or retaliation. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

For purposes of this analysis, we assume that Smith has established a prima facie case of discrimination and retaliation. Therefore, the sole issue on appeal is whether Smith has met his burden of demonstrating a genuine issue of material fact with respect to pretext,

3

sufficient to make the Navy's proffered reason for not selecting him for the available position a triable issue.

The summary judgment evidence established that Smith, who worked as the head of the Training and Education Capabilities Division's ("TECD") Operations branch, reported to TECD Director Colonel Patrick Hittle as well as to TECD's deputy director. Smith worked closely with Hittle for approximately two years before he applied for the available position as TECD's deputy director, when the current deputy director retired. Hittle, who was the selecting official, did not choose Smith for the deputy director position. Although Smith moved forward to the final round of the three-level selection process, after a last round of interviews, Hittle selected another individual, Edward Sobieranski, for the position. The evidence showed that Smith and Sobieranski were the top two candidates for the position and were closely matched in experience and qualifications. However, Hittle found that Sobieranski's experience in certain relevant areas, which Hittle specifically identified, made Sobieranski the more highly qualified candidate.

On appeal, Smith relies on a wide variety of circumstantial evidence, including a reference by Hittle to Smith's prior protected activity, to argue that Hittle's proffered reason for not selecting Smith for the position was pretextual. Nevertheless, we conclude that Smith failed to establish the existence of a genuine issue of material fact with respect to whether Hittle's proffered legitimate reason for not selecting Smith for the available deputy director position—that Sobieranski was better qualified than Smith—was pretext for discrimination or retaliation. Accordingly, we affirm the district court's grant of summary judgment in favor of the Navy. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*